IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **TYRONE HAYES JR.,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**ACTS 2:38 FAITH DELIVERANCE,** )<br>**INC., CHURCH OF JESUS CHRIST** )<br>**OF THE APOSTOLIC d/b/a FAITH** )<br>**DELIVERANCE APOSTOLIC** )<br>**CHURCH; DENARD WILLIAMS; and** )<br>**RANDALL HOOKER,** )<br>)<br>Defendants. )<br>) | No. 1:23−cv−01116-STA-jay |

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

Plaintiff Tyrone Hayes, Jr., filed this action against Acts 2:38 Faith Deliverance, Inc., Church of Jesus Christ of the Apostolic d/b/a Faith Deliverance Apostolic Church ("Faith Deliverance"); First Apostolic Council of Kentucky and Tennessee; Pentecostal Assemblies of the World Inc.; Bishop Denard Williams; and Randall Hooker for the alleged "religious institutional negligence that enabled and even created the perfect environment for sexual abuse of [Plaintiff,] a vulnerable teenager" by Defendant Randall Hooker. (Cmplt. para. 1, ECF No. 1.) Plaintiff has asserted claims of negligence; negligent hiring, retention, and supervision; negligence per se; and breach of fiduciary duty against the church defendants and claims of battery; assault; false imprisonment, intentional infliction of emotional distress; and invasion of privacy against Defendant Hooker. Jurisdiction is predicated on diversity of citizenship, 28 U.S.C. § 1332.

First Apostolic Council of Kentucky and Tennessee and Pentecostal Assemblies of the World, Inc., have been voluntarily dismissed as defendants (ECF No. 16), and default has been entered by the Clerk of the Court against Defendant Hooker (ECF No. 17), although a motion for default judgment has not been filed. Defendants Faith Deliverance and Denard Williams have filed a motion to dismiss the action as to them on the ground that the action is barred by the applicable statute of limitations. (ECF No. 12.) Plaintiff has responded to the motion. (ECF No. 13.) For the reasons set forth below, the motion is **DENIED**.

Standard of Review

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers whether the well-pleaded allegations in the complaint are sufficient to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007)). As such, a 12(b)(6) motion based on a statute of limitations is only appropriate when it is clear from the face of the complaint that relief is time-barred. *See Krygoski Const. Co. v. Flanders Indus., Inc.*, 2009 WL 722611, at *1 (W.D. Mich. Mar. 17, 2009) ("Like other Rule 12(b)(6) motions to dismiss, a motion to dismiss on statute of limitations grounds should be granted when the statement of the claim affirmatively shows that the plaintiff can prove no set of facts that would entitle him to relief." (quoting *New England Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003)). If the allegations "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007). Although Rule 12(b)(6) is generally "an inappropriate vehicle for dismissing a claim based upon the statute of limitations," dismissal of a claim is appropriate when "the allegations in the complaint

affirmatively show that the claim is time-barred." *See Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citation and quotations omitted).

Background/Analysis

The complaint alleges that Defendant Hooker sexually assaulted Plaintiff approximately twelve years ago when he was sixteen years old. Plaintiff was a member of Faith Deliverance, and Defendant Hooker was an ordained deacon of the church at the time of the alleged assault(s). The complaint further alleges that, after learning of the abuse, Faith Deliverance "ostracized Plaintiff and began praying to change his sexuality, failing to recognize the damaging sexual abuse that had occurred by an older, religious authority figure. At the same time, Defendants allowed Defendant Hooker to maintain his deaconship and position of authority in the church." (Cmplt. para. 3, ECF No. 1.) Plaintiff allegedly did not learn that his PTSD, anxiety, depression, and other mental injuries were caused by his childhood sexual abuse until June 16, 2020, when he was admitted to a hospital for a psychiatric evaluation. (*Id.* at para. 70.) The complaint was filed on June 15, 2023.

In their motion to dismiss, Defendants argue that "the complaint shows on its face that it was not timely filed and is barred by the applicable statute of limitations." (Mot. p. 4, ECF No. 12-1.) Defendants note that Tenn. Code Ann. §28-3-116 extends the otherwise applicable limitations periods in certain cases of child sexual abuse. According to Defendants, the statute of limitations is extended only when the victim "did not discover the alleged abuse (as opposed to alleged injuries flowing from the abuse) at the time it occurred." (*Id.* at p. 5.) In support of their argument, Defendants rely on § 28-3-116(b)(1) which states that:

> (b) Notwithstanding § 28-3-104, a civil action for an injury or illness based on child sexual abuse that occurred when the injured person was a minor must be brought:
>
>> (1) For child sexual abuse that occurred before July 1, 2019, but was not discovered at the time of the abuse, within three (3) years from the time of discovery of the abuse by the injured person.

3

However, Plaintiff correctly points out that Defendants have failed to include the provisions of Tenn. Code. Ann. § 28-3-116(a) which defines the word "discovery."

(a) As used in this section, unless the context otherwise requires:

(1) "Child sexual abuse" means any act set out in § 37-1-602(a)(3), that occurred when the victim was a minor;

(2) **"Discovery" means when the injured person becomes aware that the injury or illness was caused by child sexual abuse. Discovery that the injury or illness was caused by child sexual abuse shall not be deemed to have occurred solely by virtue of the injured person's awareness, knowledge, or memory of the acts of abuse**;

(3) "Injury or illness" means either a physical injury or illness or a psychological injury or illness; and

(4) "Minor" means a person under eighteen (18) years of age.

Tenn. Code. Ann. § 28-3-116(a) (emphasis added).

Here, Plaintiff has alleged that the sexual abuse occurred while he was a minor and that he did not discover that his mental health issues were "caused" by the sexual abuse within the meaning of § 28-3-116(a)(2) until June 16, 2020. He then filed suit prior to the expiration of the three-year statute of limitations.  Because Plaintiff filed suit within three years of receiving knowledge of facts sufficient to put him on notice that he had suffered an injury as a result of the alleged childhood sexual abuse, his claim is timely, and the motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

                                                **s/  S. Thomas Anderson**
                                                S. THOMAS ANDERSON
                                                UNITED STATES DISTRICT JUDGE

                                                Date:  December 12, 2023.