IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TYRONE HAYES, JR., <br><br>    Plaintiff, <br><br> v. <br><br> ACTS 2:38 FAITH DELIVERANCE, INC., CHURCH OF JESUS CHRIST OF THE APOSTOLIC d/b/a FAITH DELIVERANCE CHURCH; FIRST APOSTOLIC COUNCIL OF KENTUCKY AND TENNESSEE; PENTECOSTAL ASSEMBLIES OF THE WORLD, INC.; DENARD WILLIAMS; and RANDALL HOOKER, <br><br>    Defendants. | ) <br> ) <br> ) <br> )    No. 1:23-cv-01116-STA-jay <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER TAXING COSTS**

**PROCEDURAL HISTORY**

On April 8, 2025 the Court partially adopted the Magistrate Judge's report and recommendation after conducting a de novo review of the claims, evidence, , and the parties' objections which increased the total damages from $81,000 to $122,000.  (ECF No. 60.)  Compensatory and punitive damages were set at $61,000 each, based on Plaintiff's emotional and physical harm and the severity of Defendant Randall Hooker's ("Defendant") actions.  (*Id.*)  Judgment was entered in Plaintiff's favor that same day.  (ECF No. 61.)  On May 6, 2025 Plaintiff filed a Bill of Costs for $788.70 (ECF No. 65.)  Defendant did not respond to the cost bill.  The taxation hearing was held on June 3, 2025, at 10:30 a.m. via Microsoft Teams, with Hayley H. Baker appearing as counsel for Plaintiff and Matthew W. Willis appearing as counsel for Defendant.

## **STANDARD OF REVIEW**

Fed. R. Civ. P. 54(d) creates a presumption that the cost of litigation will be awarded to the prevailing party unless the Court finds otherwise, and 28 U.S.C. § 1920 sets forth the scope of costs that are properly recoverable. Costs will be awarded to the prevailing party unless the non-prevailing party can present circumstances, conditions, or factors to be considered that are sufficient to override or mitigate the extent of the award of costs. In the latter instance, it is the losing party who carries the burden of negating the presumption that the winning party ought to recover costs.

The evaluation of the appropriate taxation of costs is therefore more than the mere mechanical application of the above rule and statute and ought to address, at a minimum, the following basic issues: (a) Whether the party submitting the Bill of Costs was, in fact, the prevailing party in the case; (b) Whether and to what extent the costs claimed by the prevailing party are proper under 28 U.S.C. § 1920; (c) Whether these costs are reasonable in amount and were reasonably incurred in prosecuting or defending the related action; (d) Whether the claimed costs were actually incurred; (e) Whether the claimed costs were adequately documented; and (f) Whether there are considerations, factors or circumstances that otherwise overcome the presumption to award costs to the prevailing party.

As to the issues presented in subsection (f) above, in order to overcome the presumption in favor of awarding costs to the prevailing party the following factors may be considered: (1) Whether the losing party prosecuted his/her case in good faith and with propriety; (2) Whether the case itself was close and difficult; (3) Whether the prevailing party had unnecessarily prolonged trial or injected unmeritorious issues; (4) Whether the taxable costs incurred by the prevailing party are unreasonably large; (5) Whether the prevailing party's

recovery is so insignificant that the judgment amounts to a victory to the other party; and (6) Whether the losing party is indigent.

It would also be useful to point out considerations that are often presented but will not be given much, if any, weight in evaluating whether to award costs. These considerations would include the following: (a) That the losing party's case raised important public policy issues that needed to be addressed and that there would be a chilling effect on future issues being raised if costs were imposed; (b) That because the losing party prosecuted or defended their side of the matter in good faith they ought to be excused from paying costs; (c) That the losing party's financial status should exempt them from paying costs, either because they are indigent or because they are disproportionately less wealthy than the prevailing party; and (d) That costs should not be awarded to the prevailing party because their recovery was only nominal, because they only prevailed on a portion of their claims, or because the nature of their relief was non-monetary, such as the issuance of an injunction. These arguments will not significantly influence the awarding of costs, though they might reflect issues related to the likelihood of post-judgment collection. To the extent that these considerations are given any weight it would be only where the Court has some initial basis not to automatically award costs to the prevailing party.

## **ANALYSIS**

Plaintiff has successfully met the threshold requirement to be awarded costs as the prevailing party in this action. The cost bill was submitted timely, fulfilling all procedural and documentary requirements. Plaintiff initially sought to recover $788.70 from Defendant. Upon review, Plaintiff's cost bill has been reduced by $42.31, accounting for $42.25 in non-taxable postage costs and correcting a $0.06 calculation error in the exemplification fee.

For these reasons, costs should be awarded in favor of Plaintiff in the adjusted amount of

$746.39.

## DECISION

It is the **ORDER** of the Clerk of Court that costs be awarded against Defendant Randall Hooker, and in favor of Plaintiff Tyrone Hayes, Jr., in the amount of $746.39.

## NOTICE OF RIGHT TO HAVE DECISION REVIEWED

Pursuant to Fed. R. Civ. P. Rule 54(d), the taxation of costs by the Clerk of Court may be reviewed by the Court upon motion to the Court served within five (5) days of the docketing of this Order.

**DATED:  June 3, 2025**

*s/ Wendy R. Oliver*
**WENDY R. OLIVER**
**CLERK OF COURT**